IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMPLOYERS INSURANCE COMPANY OF WAUSAU, et al., | |
| Plaintiffs, | No. CIV S 10-2006 KJM KJN |
| vs. | |
| OAKDALE HEIGHTS MANAGEMENT CORPORATION, et al., | ORDER |
| Defendants / | |

I. <u>Background</u>

      Plaintiffs Employers Insurance Company of Wausau, Wausau Business Insurance Company, and Wausau Underwriters Insurance Company (collectively "Wausau") filed a complaint against Oakdale Heights Management Corporation ("Oakdale") and Northstar Senior Living, Inc. ("Northstar"), alleging causes of action for breach of contract, accounting and declaratory relief, stemming from defendants' alleged failure to pay premiums for workers' compensation and employer liability policies Wausau issued to Oakdale.  ECF No. 1.

/////

/////

1       On August 23, 2012, defendant Northstar answered the complaint and filed a
2  cross-complaint against Wausau and Oakdale for breach of contract, indemnification,
3  comparative indemnification and equitable relief.  ECF No. 9-1.  Wausau filed its answer to the
4  cross-complaint on September 15, 2010.  ECF No. 11.

5       On April 28, 2011, Wausau filed a request for a clerk's entry of default as to
6  Oakdale and on May 2, 20111, the clerk entered default as to Oakdale.  ECF Nos. 18 and 19.

7       Wausau has now filed a motion for summary judgment against Northstar,
8  asserting that in *Schwartz v. Oakdale Heights Management Corp.*, No. PC044618 (Los Angeles
9  County Superior Court), the Los Angeles County Superior Court determined that Northstar is
10 Oakdale's successor-in-interest and thus liable for Oakdale's debts and that it is entitled to use
11 this ruling, which is now final, as offensive collateral estoppel against Northstar.  It also argues
12 that the amount due is not in dispute following Oakdale's default and so it is entitled to judgment
13 in that amount against Northstar.

14      Northstar has opposed the motion, arguing that Wausau has not met its burden of
15 showing that collateral estoppel applies and that there is insufficient evidence to show that it
16 should be liable for Oakdale's debts.[1]  In its reply, Wausau disputes Northstar's characterization
17 of the law and the record.

18      The motion was heard on December 14, 2011.  Ilya Kosten appeared for plaintiff;
19 Jonz Norine appeared for defendant Northstar.  The matter was thereafter submitted.  For the
20 reasons discussed below, plaintiff's motion is granted.

21 /////
22 /////
23

---

[1] As Wausau argues, defendant's opposition was not timely filed.  The hearing on the motion was noticed for December 14, 2011, but defendant did not file its opposition until December 2, 2011, which does not comport with the scheduling provisions of Local Rule 230(c).  As Wausau was able to file a reply, however, the court declines its invitation to disregard defendant's untimely opposition.

II. <u>Summary Judgment Standard</u>

A court will grant summary judgment "if . . . there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The "threshold inquiry" is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).[2]

The moving party bears the initial burden of showing the district court "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party, which "must establish that there is a genuine issue of material fact . . . ." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986). In carrying their burdens, both parties must "cit[e] to particular parts of materials in the record . . .; or show [] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1); *see also Matsushita*, 475 U.S. at 586 ("[the nonmoving party] must do more than simply show that there is some metaphysical doubt as to the material facts"). Moreover, "the requirement is that there be no *genuine* issue of *material* fact . . . . Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 247-48 (emphasis in original).

In deciding a motion for summary judgment, the court draws all inferences and views all evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587-88; *Whitman v. Mineta*, 541 F.3d 929, 931 (9th Cir. 2008). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine

---

[2] Rule 56 was amended, effective December 1, 2010. However, it is appropriate to rely on cases decided before the amendment took effect, as "[t]he standard for granting summary judgment remains unchanged." FED. R. CIV. P. 56, Notes of Advisory Comm. on 2010 amendments.

1 issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

III. Evidentiary Objections[3]

Wausau objects to portions of the Declaration of Attorney Scott Putnam (Putnam Decl.), submitted in opposition to the motion for summary judgment. Putnam describes his role in drafting the asset purchase agreement, which resulted in the sale of Oakdale's assets to Northstar. ECF No. 32, Putnam Decl. ¶¶ 5-13. Putnam avers that "as the result of the [Schwartz] lawsuit, Northstar tendered its defense and indemnity of the matter to [Oakdale] whose insurance company accepted the tender, assumed its representation, and agreed to pay any judgment levied against Northstar" and that as counsel for Northstar, he assisted in this process. He continues that "[f]ollwing the tender, Northstar was not involved in the defense of the *Schwartz* case. It did not control the defense or litigation in any way." Putnam Decl. ¶ 15. Wausau argues that Putnam's description of the insurance company's promise is hearsay and cannot be considered as the letter is not attached to the declaration.

As it appears that Putnam is relying on a communication between Northstar and the insurer, his description of the insurer's commitment is hearsay. ECF No. 33-3 at 2; *see Schosche Industries Inc. v. Visor Gear Inc.*, 121 F.3d 675, 681 (9th Cir. 1997) ("[h]earsay evidence in Rule 56 affidavits is entitled to no weight"). In addition, Putnam has not attached a copy of the insurer's written undertaking as required by the rules. *See School Dist. No.1J, Multnomah Co. Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993) (relying on former

---

[3] Northstar suggests that Wausau's reliance on "uncertified copies" of documents from the case of *Schwartz v. Oakdale Heights Management Corp.*, No. PC044618 (Los Angeles County Superior Court) is somehow improper, but does not make a formal objection. ECF No. 28 at 4. It is appropriate for the court to consider the documents from the *Schwartz* litigation in deciding whether collateral estoppel applies in this case. *See Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995) (taking judicial notice of state court records to decide whether collateral estoppel applies). Moreover, Northstar has submitted its own collection of uncertified copies of documents from the *Schwartz* case and asks the court to consider them in resolving the instant motion.

Rule 56(e) which required an affidavit to attach documents referred to); 2010 Advisory Committee Notes Rule 56(c) (recognizing that rule is not necessary in light of the requirement that a statement of fact be supported by material in the record). This objection is sustained.

Wausau also objects to Putnam's description of the *Schwartz* litigation, particularly his claim that the Los Angeles County Superior Court "based on limited information and incorrect analysis, found Northstar the successor in interest to [Oakdale]" and his "understanding based on information and belief that the Court did not allow Northstar to present evidence of the Purchase and Sale of Assets Agreement. Without this document, the Court could never properly analyze the issue of successor liability." Putnam Decl. ¶ 16. Wausau argues that a declaration based on "information and belief" is not one based on personal knowledge and cannot be used to defeat summary judgment. ECF No. 33-3 at 4. Rule 56(c)(4) provides that "an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir.1995) (declarations based on information and belief in opposition to motion for summary judgment "entitled to no weight because the declarant did not have personal knowledge"). This objection is sustained. The court also declines to consider Putnam's legal opinions and conclusions. *See Nationwide Transport Finance v. Cass Information Systems, Inc.*, 523 F.3d 1051, 1059 (9th Cir. 2008) (proper to exclude witness' opinion that action violated the UCC); *Andrews Farms v. Calcot, Ltd.*, 693 F.Supp.2d 1154, 1167 (E.D. Cal. 2010) (rejecting legal conclusion characterized as fact).

Although he did not argue the motion, Putnam was present in court during oral argument and Northstar's counsel offered to call him to testify that he was present when the superior court judge refused to consider the Purchase and Sale of Assets Agreement. To allow Northstar to change its evidentiary showing after Wausau had filed its reply would, in essence, give it a second opportunity to oppose plaintiff's motion. *See Ortiz v. Lopez*, 688 F.Supp.2d

5

1072, 1082 (E.D. Cal. 2010) (allowing party to present new theory at summary judgment after close of discovery would blind-side the opponent); *see also Jackson v. Palombo*, No. 1:10–cv–01129–SKO PC, 2012 WL 1345784 at *1 n.5 (E.D. Cal. Apr. 16, 2012) (party does not have the right to file a sur-reply, nor is one contemplated by the federal rules). As Northstar did not explain why it could not have submitted a declaration that comported with the federal rules in connection with its opposition, its attempt to offer testimony at the hearing was improper. *See Campbell v. Verizon Virginia, Inc*., 812 F.Supp.2d 748, 750 (E.D. Va. 2011) (party denied leave to supplement opposition to summary judgment "absent explanation of *why* he neglected to timely search for and submit the records").

Wausau further objects to Putnam's description of the dealings between Oakdale and Northstar and to the Declaration of Rick Jensen, which also describes the formation of Northstar, arguing that this information is irrelevant to the sole issue of collateral estoppel presented by the motion. It also interposes relevance objections to Northstar's statement of undisputed facts, to the extent it describes the formation of Northstar. The court agrees that the question whether Northstar is in fact a successor in interest to Oakdale is not relevant to the resolution of this motion. This objection is sustained.

IV. <u>Undisputed Facts</u>

Wausau provided worker's compensation and employer's liability insurance to Oakdale from November 2006 through November 2008. Complaint (Compl.), Exs. A-D. Oakdale owes Wausau $395,832.06. *Id*., Ex. E.

Oakdale Heights Senior Living (OHSL) was formed in September 2006. In 2008, it entered into an Asset Purchase Agreement with Oakdale. Wausau MSJ, Exs. A & B. In July 2008, OHSL was converted to a corporation and changed its name to Northstar. Wausau MSJ, Ex. A ¶ 3. Wausau provided worker's compensation and employer's liability insurance to Northstar from November 2008 through November 2009. *Id*., Ex. C.; Declaration of C. Rick Jensen (Jensen Decl.) ¶ 14 After a final audit, there was a credit balance of $107,713 with

6

respect to the Northstar policies. *Id.*, Ex. D. Wausau has withheld this credit amount as a potential offset to Oakdale's debt to Wausau. Jensen Decl. ¶ 14.

In February 2009, a lawsuit was filed in Los Angeles County Superior Court against Oakdale and Northstar among others, alleging elder abuse and neglect and the December 16, 2007 rape of Sophie Schwartz, who had been a resident at one of Oakdale's elder care facilities. Wausau MSJ, Exs. I & J. The case went to trial on the third amended complaint, which alleged that Northstar, which was not in existence at the time of the incident, was legally responsible for Oakdale's acts or omissions, that Northstar was previously named Oakdale, that Northstar was incorporated after the assault on Mrs. Schwartz, that the two entities were owned and operated by the same people who retained the same positions, that Northstar was incorporated for the purpose of assuming Oakdale's management contracts and that Oakdale stopped doing business in that name in order to avoid liability in the *Schwartz* case and for lost investments.[4] *Id.*, Ex. I at 4-5.

Jury trial in the *Schwartz* case began on January 25, 2010. *Id.*, Ex. E at 2 & Ex. J at 30. The jury returned a verdict in favor of Mrs. Schwartz on February 26, 2010, finding Oakdale liable for 1.5 million dollars in compensatory damage; on March 1, 2010, following the second phase of trial, the jury found Oakdale liable for 5 million dollars in punitive damages. *Id.*, Ex. E.

On April 1, 2010, the state trial judge found "based upon the testimony and evidence presented at the trial of this matter" that Northstar is the successor-in-interest to Oakdale and "is responsible for any judgment and/or verdict entered/found against it

/////

---

[4] In its response to Wausau's statement of undisputed facts, Northstar agrees that the *Schwartz* complaint made the last allegation, but argues it is not true. Northstar makes the same objection to Wausau's further description of the *Schwartz* litigation. By reciting the "facts" here this court does not accept their truthfulness but notes their existence for purposes of determining whether collateral estoppel applies in this case.

during the trial of this matter . . . ." *Id.*, Ex. F at 2. Judgment was then entered against Northstar for both the compensatory and punitive damages. *Id.*, Ex. E at 15.

Northstar and other defendants appealed the judgment.[5] *Id.*, Ex. J at 2. On July 1, 2010, the parties participated in private mediation and then eventually entered into a settlement agreement. Putnam Decl. ¶ 17 & Ex. A. As part of the settlement, the parties agreed to seek a stipulated reversal of the judgment. *Id.*, Ex. A at 3.[6] The notice of settlement filed with the state Court of Appeal told the court that the request for a stipulated reversal of judgment would be filed in forty-five days. *Id.* ¶ 17 & ECF No. 32-4 at 26.

On November 3, 2010, Mrs. Schwartz filed a Full Satisfaction of Judgment as against Oakdale, Northstar and the other defendants. Wausau MSJ, Ex. K. On November 23, 2010, the State Court of Appeal dismissed the appeal as abandoned and directed the clerk to issue the remittitur. ECF No. 32-4 at 30. On that day, the Clerk of the Court of Appeal issued the remittitur, which noted that the opinion or decision was now final. ECF No. 32-4 at 33. The defendants' subsequent attempts to recall the remittitur were denied. ECF No. 32-4 at 35-36, 32-5, 32-6 at 1-31, 32-7.

V. <u>Analysis</u>

As plaintiff recognizes, a corporation that purchases the assets of another corporation is generally not liable for the seller's debts and liabilities. *Monarch Bay II v. Professional Service Industries, Inc.*, 75 Cal.App.4th 1213, 1216 (1999). However, if the

---

[5] Northstar asserts that it appealed "the finding that they were the successor in interest to OHMC." Putnam Decl. ¶ 17. The court does not accept this characterization, as Northstar has not provided a copy of its notice of appeal.

[6] Once again, Northstar describes the agreement as including a joint undertaking to "seek a stipulated reversal of the judgment against Northstar, who had no successor liability and was not a successor to OHMC." The court rejects this characterization, as the agreement does not include anything about Northstar's successor liability. Putnam Decl., Ex. A. In fact, when counsel for the defendants in the *Schwartz* case filed the application for the reversal of the judgment, his list of potential reversible errors did not include the finding that Northstar was Oakdale's successor in interest. ECF No. 32-2 at 2.

successor corporation is "a mere continuation of the seller" or if "the transfer of assets . . . is for the fraudulent purpose of escaping liability for the seller's debts," it will be liable for its predecessor's liabilities. *Id.* Wausau does not ask the court to determine that Northstar is in fact a continuation of Oakdale or that it was formed for the fraudulent purpose of evading Oakdale's debts. Instead it argues that this issue has been decided against Northstar in the *Schwartz* case and it is entitled to use this finding against Northstar in this case.

California law on collateral estoppel applies in this diversity case. *Northwest Acceptance Corp. v. Lynnwood Equipment, Inc.*, 841 F.2d 918, 926 (9th Cir. 1988). In California, "collateral estoppel precludes relitigation of issues argued and decided in prior proceedings." *Lucido v. Superior Court*, 51 Cal.3d 335, 341 (1990). There are five requirements that must be met before an issue is collaterally estopped:

> First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceedings.

*Id.* California recognizes offensive collateral estoppel, which allows "one who was not a party to prior litigation to take advantage, in a later unrelated matter, of findings made against his current adversary in the earlier proceeding." *Vandenberg v. Superior Court*, 21 Cal.4th 815, 828-29 (1999); *see also Parklane Hoisery Co. v. Shore*, 439 U.S. 322, 326 n.4 (1979) ("offensive use of collateral estoppel occurs when the plaintiff seeks to foreclose the defendant from litigating an issue the defendant has previously litigated unsuccessfully"). The party that relies on collateral estoppel bears the burden of proving its five elements. *Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1246 (9th Cir. 2001); *Lucido v. Superior Court*, 51 Cal.3d at 341.

Northstar does not dispute that the issue decided in the *Schwartz* case is the same as Wausau is advancing in this litigation, or that it was a party to the prior proceeding. At

9

argument, it suggested that the remittitur was "procedural" and that therefore there was no final judgment on the merits. It has provided no citation for its claim that there is such a thing as a "procedural" remittitur in California or that such a remittitur would defeat the application of collateral estoppel. In California, a case is final upon issuance of remittitur. *Lewis v. Upton*, 151 Cal.App.3d 232, 235 (1984). That the remittitur was issued after the appeal was dismissed rather than decided on the merits does not affect its finality or the preclusive effect of the judgment. *White Motor Corp. v. Teresinski*, 214 Cal.App.3d 754, 762 (1989) ("White's summary judgment against plaintiffs became final upon plaintiffs' abandonment of the appeal therefrom and it constitutes a judgment on the merits").

Northstar argues that Wausau has not borne its burden of showing that the issue of successor liability was actually litigated in the *Schwartz* case. It also argues that the Superior Court restricted the presentation of evidence on the issue of Northstar's liability. Finally it argues that it would not be fair to rely on collateral estoppel because it had no incentive to, and did not, litigate the issue completely because the insurance company controlled the defense and promised to pay any judgment against Northstar.

An issue is "actually litigated" when it is "*properly raised*, by the pleadings or otherwise, and is submitted for determination, and is *determined*." *Murray v. Alaska Airlines*, 50 Cal.4th 860, 871 (2010) (internal citations & quotations omitted; emphasis in original). In this case, the third amended complaint in the *Schwartz* case pleaded that the allegations related to Oakdale's acts and omissions "are asserted with the same force and effect against NORTHSTAR." Wausau MSJ, Ex. 5 at 5. Thereafter the Superior Court entered an order specifically finding that Northstar was Oakdale's successor in interest and therefore liable for any verdict against Oakdale. Wausau MSJ, Ex. F at 2.

Despite the clarity of these two documents, Northstar argues that Wausau has the burden of establishing that the evidence on the issue was not restricted. It relies on *Barker v. Hull*, 191 Cal.App.3d 221, 226 (1987), which said that the party relying on estoppel must show

10

that the evidence on the issue was not restricted.  *Barker* is not of much assistance to Northstar. In that case, the court considered whether a final order denying a motion to vacate a default judgment based on fraud was entitled to preclusive effect.  Although no testimony was taken at the hearing on the motion to vacate the default and the reporter's notes of the default hearing could not be located, the challenged issue was raised in the parties' pleadings; this was sufficient, the court reasoned, to conclude that the evidence on the issue was not restricted.  *Id*. at 227.

In this case, the record is more complete: Wausau has shown that the issue was squarely raised in the complaint and that the court resolved it "based upon the testimony and evidence presented at the trial."  Although Wausau has not presented a transcript, there is no absolute requirement that it do so as long as there is sufficient evidence in the record allowing this court to determine that the issue was actually litigated.  The complaint and the court's ruling satisfy its burden.  *See also Murray v. Alaska Airlines*, 50 Cal.4th at 871 ("the failure of a litigant to introduce relevant available evidence on an issue does not necessarily defeat a plea of collateral estoppel").

In *Parklane Hoisery*, the Supreme Court said that a court should not employ offensive collateral estoppel when to do so would be unfair.  Such unfairness may be found when the prior suit was for such a nominal sum that the defendant did not have the incentive to defend vigorously or when the judgment is inconsistent with a number of judgments in the defendant's favor or when the second action gives the defendant procedural opportunities unavailable in the first action, such as limited discovery opportunities in an inconvenient forum.  *Parklane Hoisery Co. v. Shore*, 439 U.S at 330-31 & n.5.  California also recognizes that considerations of fairness may convince a court not to rely on offensive collateral estoppel.  *White Motor Corp. v. Teresinski*, 214 Cal.App.3d at 763.  Thus in *Smith v. Exxon Mobil Oil Corp*., 153 Cal.App.4th 1407, 1420 (2007), the Court of Appeal refused to apply collateral estoppel when the defendant's only expert witness on a crucial issue in the case was unavailable through no fault of the

11

defendant or its counsel; it could not conclude that Mobil had a full and fair opportunity to present its defense.

At the hearing, defendant argued that because the insurer was in control of the defense, Northstar was not able to litigate the issue of its liability as Oakdale's successor; that the insurer denied a policy limit settlement demand; that Northstar was not involved in the insurer's decision to take the case to trial; and that it asked for, but was refused, independent counsel. It has submitted none of this information in evidentiary form nor explained why it failed to do so in its opposition to the motion for summary judgment. As noted above, the court has found its evidence concerning the insurer's assurance that it would indemnify inadmissible.

Plaintiff argues that even if any of this information were admissible and properly offered, it is not determinative as Northstar could have, and should have, secured its own counsel, particularly in light of the pendency of other lawsuits seeking to impose liability on it for Oakdale's debts. Wausau Opp'n, Ex. M.

Although defendant tendered its defense to Oakdale, which in turn tendered it to the insurer, defendant has not suggested it was required to turn to Oakdale and has cited nothing saying it could not revoke the tender, particularly when and if disagreements over litigation strategy surfaced. *See White Motor Corp.*, 214 Cal.App.3d at 762 (noting it is incumbent on a party to protect its own interests instead of relying on another party to oppose a motion; its failure to do so does not preclude the application of collateral estoppel). Northstar has not shown it was prevented from presenting its defense despite its initial determination to rely on the insurer's representation.

This court has not determined that Northstar is in fact the successor to Oakdale's debts and liabilities. It has determined it is appropriate to give preclusive effect to the Superior Court's resolution of that question, which has the effect of resolving the question in this case. *See Roos v. Red*, 130 Cal.App.4th 870, 887 (2005) ("collateral estoppel may apply even where the issue was wrongly decided in the first action"). Because Oakdale's default admits the

allegations of the complaint, the application of collateral estoppel renders Northstar liable for $395,832.06, less the $107, 713 Wausau owes to Northstar.

        IT IS THEREFORE ORDERED that:

        1. Wausau's motion for summary judgment (ECF No 25 ) is granted; and

        2. The parties are directed to file a joint status report within thirty days of the date of this order addressing the impact of this order on Northstar's cross-claim.

DATED: June 12, 2012.

                              UNITED STATES DISTRICT JUDGE