IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EMPLOYERS INSURANCE
COMPANY OF WAUSAU,
et al.,

        Plaintiffs,                No. CIV S 10-2006 KJM KJN

    vs.

OAKDALE HEIGHTS MANAGEMENT
CORPORATION, et al.,                ORDER

        Defendants
_____/

I. <u>Background</u>

        Plaintiffs Employers Insurance Company of Wausau, Wausau Business Insurance Company, and Wausau Underwriters Insurance Company (collectively "Wausau") filed a complaint against Oakdale Heights Management Corporation ("Oakdale") and Northstar Senior Living, Inc. ("Northstar"), alleging causes of action for breach of contract, accounting and declaratory relief, stemming from defendants' alleged failure to pay premiums for workers' compensation and employer liability policies Wausau issued to Oakdale.  ECF No. 1.

/////

/////

On August 23, 2010, defendant Northstar answered the complaint and filed a cross-complaint against Wausau and Oakdale for breach of contract, indemnification, comparative indemnification and equitable relief.  ECF No. 9-1.  Wausau filed its answer to the cross-complaint on September 15, 2010.  ECF No. 11.

On April 28, 2011, Wausau filed a request for a clerk's entry of default as to Oakdale and on May 2, 2011, the clerk entered default as to Oakdale.  ECF Nos. 18 and 19.  Wausau has not sought a default judgment against Oakdale.

On September 9, 2011, Wausau filed a motion for summary judgment; after considering the parties' pleadings and argument, the court granted the motion by an order filed June 13, 2012.  ECF Nos. 25, 36.  In that order, the court asked the parties to submit a joint status report as to the viability of Northstar's cross-claims.  The parties filed a Joint Status Report, noting their progress toward settlement.  ECF No. 38.  Northstar also reported it intended to seek a default judgment against Oakdale because "Oakdale never responded to the cross-complaint by Northstar for indemnity in this action."  *Id*. at 2.

On July 9, 2012, Northstar filed an application for service of the cross-complaint on the Secretary of State on behalf of Oakdale.  ECF No. 37.

Under Rule 4(m) of the Federal Rules of Civil Procedure, service on defendants must be made within 120 days of the filing of the complaint.  Service of process is the mechanism by which a court "acquires the power to enforce a judgment against the defendant's person or property."  *S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007) (internal quotation, citation omitted).  If a plaintiff does not show good cause for failure timely to effect service, the court has the discretion to dismiss the complaint.  *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).  It is plaintiff's burden to demonstrate good cause.  *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994).  "At a minimum, 'good cause' means excusable neglect."  *Full Circle Sales, Inc. v. Organic Alliance, Inc*., No. 10-CV-01615 LHK, 2010 WL 3324707, at

1  *1 (N.D. Cal. Aug. 20, 2010) (citing *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)). Northstar filed its cross-complaint against Oakdale on August 23, 2010.  The 120 day-window for service on Oakdale has long since expired, and Northstar's application, evidently prompted by the court's recent order, does not demonstrate good cause.

In addition, the Clerk entered default May 2, 2011, yet Wausau has taken no steps to pursue a default judgment even after indicating it would do so in its most recent filing.

IT IS THEREFORE ORDERED that:

1. Northstar show cause within fourteen days of the date of this order why its cross-complaint against Oakdale should not be dismissed for its failure timely to effect service; and

2. Wausau show cause within fourteen days of the date of this order why its action against Oakdale should not be dismissed for its failure to prosecute.

DATED:  August 20, 2012.

_____
UNITED STATES DISTRICT JUDGE