IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EMPLOYERS INSURANCE
COMPANY OF WAUSAU,
et al.,

      Plaintiffs,                    No. CIV S 10-2006 KJM KJN

     vs.

OAKDALE HEIGHTS MANAGEMENT
CORPORATION, et al.,               ORDER

      Defendants
_____/

I. <u>Background</u>

        On July 27, 2010, plaintiffs Employers Insurance Company of Wausau, Wausau Business Insurance Company, and Wausau Underwriters Insurance Company (collectively "Wausau") filed a complaint against Oakdale Heights Management Corporation ("Oakdale") and Northstar Senior Living, Inc. ("Northstar"), alleging causes of action for breach of contract, accounting and declaratory relief, all stemming from defendants' alleged failure to pay premiums for workers' compensation and employer liability policies Wausau issued to Oakdale.  ECF No. 1.

        On August 23, 2010, defendant Northstar answered the complaint and filed a cross-complaint against Wausau and Oakdale for breach of contract, indemnification,

1

comparative indemnification and equitable relief.  ECF No. 9-1.  Wausau filed its answer to the cross-complaint on September 15, 2010.  ECF No. 11.

On April 28, 2011, Wausau filed a request for a clerk's entry of default as to Oakdale and on May 2, 20111, the clerk entered default as to Oakdale.  ECF Nos. 18 and 19.  Wausau has not sought a default judgment against Oakdale.

On September 9, 2011, Wausau filed a motion for summary judgment and after considering the parties' pleadings and argument, the court granted the motion by an order filed June 13, 2012.  ECF Nos. 25, 36.  In that order, the court asked the parties to submit a joint status report as to the viability of Northstar's cross-claims.  The parties filed a Joint Status Report, noting their progress toward settlement.  ECF No. 38.  Northstar also reported it intends to seek a default judgment against Oakdale because "Oakdale never responded to the cross-complaint by Northstar for indemnity in this action." *Id*. at 2.

On July 9, 2012, Northstar filed an application for service of the cross-complaint on the Secretary of State on behalf of Oakdale.  ECF No. 37.

On August 21, 2012, the court directed Northstar to show cause why its cross-complaint should not be dismissed for failure timely to effect service and Wausau to show cause why its complaint against Oakdale should not be dismissed for failure to prosecute.  ECF No. 40.  The parties have timely replied to the order.

II.  Failure To Prosecute

Wausau argues that its complaint against Oakdale should not be dismissed because after it secured the clerk's entry of default it concentrated its efforts on pursuing its ultimately successful motion for summary judgment against Northstar and there has been no prejudice to Oakdale from the delay.  It also argues that if it is allowed to proceed against Oakdale and if Northstar complies with the settlement Wausau and Oakdale have reached following summary judgment, this case will be fully resolved.  ECF No. 42.

/////

A court should dismiss an action for failure to prosecute only after considering "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).  In this case, these factors do not support dismissal at this stage, as there has been no showing of prejudice and plaintiff has satisfactorily explained its reasons for waiting to seek default judgment against Oakdale.

III.  Failure To Serve

Under Rule 4(m) of the Federal Rules of Civil Procedure, service on defendants must be made within 120 days of the filing of the complaint.  Service of process is the mechanism by which a court "acquires the power to enforce a judgment against the defendant's person or property."  *S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007) (internal quotation, citation omitted).  If a plaintiff does not show good cause for failure timely to effect service, the court has the discretion to dismiss the complaint.  *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).  It is plaintiff's burden to demonstrate good cause.  *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994).  "At a minimum, 'good cause' means excusable neglect." *Full Circle Sales, Inc. v. Organic Alliance, Inc.*, No. 10-CV-01615 LHK, 2010 WL 3324707, at *1 (N.D. Cal. Aug. 20, 2010).

Northstar argues that Oakdale has had notice of the suit through Wausau's service of its complaint on Oakdale; Northstar's claim against Oakdale arises from its contractual indemnity agreement with Northstar.  It also argues that Oakdale has not been prejudiced by the delay, while Northstar will be prejudiced if its cross-complaint against Oakdale is dismissed.  ECF No. 40 at 4-5.  Based on Northstar's showing, and in the absence of any showing of prejudice to Oakdale, the court declines to exercise its discretion to dismiss Northstar's cross-complaint for failure to effect service.

/////

IV. Service On The Secretary Of State

Northstar seeks leave to serve Oakdale through service on the Secretary of State.

Under Rule 4(h) of the Federal Rules of Civil Procedure, a corporation must be served in the manner set forth in Rule 4(e) for serving an individual or by delivering a copy of the summons and complaint to an agent authorized to accept service of process. Northstar has provided a declaration showing that Oakdale's agent for service of process has resigned and has not been replaced. ECF No. 37 ¶ 4 & Ex. 1.

Under Rule 4(e)(1), a party may follow state law for the service of summons and a complaint. Under Section 1702(a) of the California Corporations Code, a party may seek a court order permitting personal service on the Secretary of State when a corporate agent for service of process has resigned. *Verizon California Inc. v. OnlineNIC Inc.*, No. C 08-2832 JF (RS), 2008 WL 4848881, at *3 (N.D. Cal. Nov. 7, 2008). Northstar has averred it has been unable to locate a new agent for service on Oakdale, noting that Oakdale is a suspended corporation and its principal is in jail in Shasta County awaiting prosecution; it has satisfied the requirements of the California Corporations Code. ECF No. 40. Northstar has adequately supported its request.

IT IS THEREFORE ORDERED that:

1. The order to show cause issued August 21, 2012 is discharged; and

2. Northstar's ex parte request for an order authorizing service on Oakdale is granted; Northstar is authorized to serve Oakdale by delivery of summons and complaint to the California Secretary of State consistent with the provisions of California Corporations Code § 1702(a); service should be completed within twenty-one days of the date of this order.

DATED: February 22, 2013.

_____
UNITED STATES DISTRICT JUDGE