UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMPLOYERS INSURANCE COMPANY OF WAUSAU, et al., <br><br> Plaintiffs, <br><br> v. <br><br> OAKDALE HEIGHTS MANAGEMENT CORPORATON, et al., <br><br> Defendants. | Civ. No.  S-10-2006 KJM KJN <br><br><br> ORDER |

AND RELATED CROSS ACTIONS
_____

          On July 27, 2010, plaintiffs Employers Insurance Company of Wausau, Wausau Business Insurance Company, and Wausau Underwriters Insurance Company (collectively "Wausau") filed a complaint against Oakdale Heights Management Corporation ("Oakdale") and Northstar Senior Living, Inc. ("Northstar"), alleging causes of action for breach of contract, accounting and declaratory relief, all stemming from defendants' alleged failure to pay premiums for workers' compensation and employer liability policies Wausau issued to Oakdale.  ECF No. 1.

          On August 23, 2010, defendant Northstar answered the complaint and filed a cross-complaint against Wausau and Oakdale for breach of contract, indemnification,

1

1 comparative indemnification and equitable relief.  ECF No. 9-1.  Wausau filed its answer to the
2 cross-complaint on September 15, 2010.  ECF No. 11.

3        On April 28, 2011, Wausau filed a request for a clerk's entry of default as to
4 Oakdale and on May 2, 20111, the clerk entered default as to Oakdale.  ECF Nos. 18, 19.
5 Wausau has not sought a default judgment against Oakdale.

6        On September 9, 2011, Wausau filed a motion for summary judgment and after
7 considering the parties' pleadings and argument, the court granted the motion by an order filed
8 June 13, 2012.  ECF Nos. 25, 36.  In that order, the court asked the parties to submit a joint status
9 report as to the viability of Northstar's cross-claims.  The parties filed a Joint Status Report,
10 noting their progress toward settlement.  ECF No. 38.  Northstar also reported it intended to seek
11 a default judgment against Oakdale because "Oakdale never responded to the cross-complaint by
12 Northstar for indemnity in this action." *Id*. at 2.

13        On July 9, 2012, Northstar filed an application for service of the cross-complaint
14 on the Secretary of State on behalf of Oakdale.  ECF No. 37.

15        On August 21, 2012, the court directed Northstar to show cause why its cross-
16 complaint should not be dismissed for failure timely to effect service, and Wausau to show cause
17 why its complaint against Oakdale should not be dismissed for failure to prosecute.  ECF No. 40.

18        On August 30, 2012, the parties filed a stipulation for dismissal of their claims
19 against each other without prejudice based on a settlement, with a provision for the court's
20 continued jurisdiction to enforce the settlement agreement.  ECF No. 41.

21        On February 25, 2013, after considering the parties' responses to the orders to
22 show cause, the court permitted Northstar to serve Oakdale by serving the Secretary of State and
23 permitted Wausau to pursue a default judgment against Oakdale. ECF No.  43.

24        Northstar thereafter secured a clerk's entry of default against Oakdale and filed,
25 but later withdrew, a motion for default judgment against Oakdale.  ECF Nos. 48-50, 53.

26        In a status report filed November 5, 2013, the parties reported they are no longer
27 interested in pursuing their claims against Oakdale, as the corporation has been suspended and its
28 principal sentenced to a lengthy prison term.  ECF No. 58.

IT IS THEREFORE ORDERED:

1. The court approves the parties' stipulation for dismissal without prejudice, filed August 30, 2012;

2. The court retains jurisdiction over the settlement agreement for enforcement purposes only;

3. Based on the parties' disinclination to pursue claims against Oakdale, the court dismisses the parties' claims against Oakdale without prejudice; and

4. This case is closed.

DATED:  January 8, 2014.

_____
UNITED STATES DISTRICT JUDGE